UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$67,040.00 IN UNITED STATES
CURRENCY SEIZED FROM A SHOPPING
BAG AND A BACKPACK,

        Defendant.
_____/

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

PLAINTIFF, United States of America, hereby files this civil complaint for forfeiture *in rem* and states as follows:

1. This is a civil action for forfeiture *in rem* of $67,040.00 in United States currency seized from a shopping bag and a backpack ("the defendant currency"), pursuant to Title 21, United States Code, Section 881(a)(6).

2. This Court has subject matter jurisdiction pursuant to Title 21, United States Code, Section 1355.

3. Venue lies in the United States District Court for the Southern District of Florida pursuant to Title 28, United States Code, Section 1395, as the defendant currency was seized in Broward County, Florida and will remain in this District's control throughout the pendency of this action.

## FACTUAL ALLEGATIONS

4. On or about October 25, 2018, a traffic officer for the Coconut Creek Police Department approached a white 2018 Volvo which was parked with its lights on.

5. The driver of the Volvo was identified through a Colombian driver's license as Andres Mauricio Escorica Martinez ("Escorcia Martinez").

6. The traffic officer inquired whether Escorica Martinez was transporting anything illegal and Escorcia Martinez indicated he was not. Escorcia Martinez provided verbal consent for his vehicle to be searched.

7. During his initial contact with Escorcia Martinez, and prior to the search of the vehicle, the traffic officer observed a dark colored shopping bag on the floor behind the front passenger seat that contained several stacks of currency secured by rubber bands.

8. Pursuant to the consent search, the traffic officer also located a dark color back pack on the front passenger seat which also revealed a large amount of United States currency.

9. Escorcia Martinez advised the officer that the money was his and that it totaled approximately $50,000.00.

10. Coconut Creek and Davie Police Depaertment K-9 officers conducted an exterior narcotics sniff of the vehicle and a K-9 alerted to the odor of narcotics coming from within the Volvo.

11. Upon further questioning, Escorica Martinez indicated he had received the currency in a bag from an unknown male in Doral, Florida on October 24, 2018. Escorcia Martinez refused to identify or provide contact information for the individual from whom he received the currency.

12. Escorica Martinez advised that there was approximately $64,000.00 in the

backpack and about $700.00 in the shopping bag.

13. Escorcia Martinez told the officers he paid Colombian pesos in Colombia to a male known to him as Juan Lozano and in return, Lozano arranged for Escorcia Martinez to receive approximately $65,000.00 in United States currency in Doral, Florida. Escorcia Martinez would not provide contact information for Juan Lozano.

14. Escorica Martinez then told officers he was directed by an unknown female to bring the defendant currency to the Broward County area. Escorcia Martinez then proceeded to give conflicting stories about the purpose of his meeting with the unknown female.

15. Currency can be quickly counted when it is bundled.

16. Currency bundled with rubber bands is commonly encountered by law enforcement agents when they are investigating crimes such as the narcotics distribution and money laundering.

17. The bundled currency was counted and was determined to be $67,040.00.

18. The bundled currency was in the following denominations:

| Face Value of Currency | Number of Bills | Total |
| --- | --- | --- |
| $20 | 3,299 | $65,980 |
| $5 | 212 | $1,060 |

19. The quantity of the number of bills bundled and the face value of those bills is indicative of payments for street level narcotics sales.

20. Escorcia Martinez stated he is self-employed and buys and sells various items.

21. The defendant currency was taken/seized by the DEA.

## CLAIM FOR FORFEITURE
## 21 U.S.C. § 881(a)(6)

22. Plaintiff realleges paragraphs 4 through 22, above, as if fully set forth herein.

23. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "

All moneys …furnished or intended to be furnished by any person in exchange for a controlled substance … in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys …used or intended to be used to facilitate any violation of this subchapter.

24. The defendant currency was the proceeds of, and/or facilitated illegal narcotics transactions.

25. The defendant currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having any claim to the defendant currency be directed to file and serve their verified claims and answers as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendant currency condemned and forfeited to the United States of America, and that Plaintiff have such other and further relief as may be just and proper together with the costs and disbursements of this action.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  *Alison W. Lehr*
Alison W. Lehr
Assistant United States Attorney
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Verified Complaint for Forfeiture in Rem and that the factual allegations are true and correct to the best of my knowledge and belief. Executed on 05/22/2019.

Michael Boza, Task Force Officer
Drug Enforcement Administration

5